**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Wanda E. Van Scyoc, | ) | No. CV-08-2091-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John E. Potter, Postmaster General, | ) | |
| Defendant. | ) | |

This matter arises on Plaintiff's Motion for Entry of Default, docket # 13, Motion for Default Judgment, docket # 14, and the Court's review of the record in this matter.

On November 10, 2008, Plaintiff filed a *pro se* Complaint. (docket # 1) Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* and submitted the affidavit required by § 1915(a), showing that she is unable to prepay fees and costs or give security therefor. The Court granted Plaintiff's request to proceed *in forma pauperis*. (docket # 5) Thereafter, Plaintiff consented to magistrate-judge jurisdiction in accordance with 28 U.S.C. § 636(c). (docket # 6)

Although the Court has determined that Plaintiff may proceed *in forma pauperis,* that does not end the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the district court must dismiss the case "at any time" if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, <u>fails to state a claim on which relief may be granted</u>, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)

(emphasis added). "While much of section 1915 outlines how prisoners can file proceedings *in forma pauperis*, section 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners. *Muhammad v. NBC*, 2008 WL 1776498, * 1 (D.Ariz. 2008) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints"). Thus, screening is required even if plaintiff, who filed an IFP action, is not a prisoner. *Franklin v. Murphy*, 745 F.2d 1221, 1226-1227 (9th Cir. 1984).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a employment discrimination or other type of claim, a district court must assess whether there are other "more likely explanations" for a

defendant's conduct. *Id.* at 1951. In addition to satisfying the requirements of Rule 8(a)(2), a complaint must include the grounds upon which the court's jurisdiction rests and a demand for relief. Fed.R.Civ.P. 8(a)(1).

If a district court determines that a pleading may be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *Lopez*, 203 F.3d at 1127-29 (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine [trial] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

As discussed below, the Complaint fails to comply Rule 8 and fails to state a claim. Plaintiff's Complaint consists entirely of conclusory allegations. Plaintiff appears to assert several claims of employment discrimination, and her Complaint alleges:

> discrimination based on Race (African American), Color (Black), Retaliation (Prior EEO Activity), Physical Disability (Herniated Disc, Lumbar Spine, when: Via letter dated January 14, 2008, the District Reasonable Accommodation Committee (DRAC) informed complainant was not considered a disabled person under the law, thus they are unable to continue considering Complainant for reasonable accommodation.

(docket # 1 at 1-2) These vague, conclusory allegations are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555-556. Plaintiff also alleges a claim of retaliation. In order to state a claim of retaliation, a plaintiff must allege that (1) she was engaged in protected activity, (2) she suffered an adverse employment decision, and (3) there is a causal link between the activity and the employment action. *Folkerson v. Circus Circus Enters.*, 107 F.3d 754, 755 (9th Cir.1997). Plaintiff provides no factual allegations that correspond with these elements. *Franklin*, 745 F.2d at 1228 (stating that "a court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts. . . . ") (citation omitted). Furthermore, to the extent Plaintiff seeks to state a claim for employment discrimination based on race or disability, she fails to identify the authority - statutory or otherwise - upon which her claims are based. *Clegg v. Cult Awareness Network*,

18 F.3d 752, 754-55 (9th Cir.1994) (the court is not required to accept or infer legal conclusions if those conclusions cannot reasonably be drawn from the facts alleged).

The Complaint also fails to provide a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)*; Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594-95 (9th Cir.1996).

The Complaint also does not identify a federal statute conferring federal question jurisdiction. Because Plaintiff fails to allege a basis for this Court's jurisdiction and fails to articulate a cognizable claim for relief, the Court must dismiss the complaint. However, Plaintiff is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and corrects the deficiencies identified in this Order. In view of the dismissal of Plaintiff's Complaint, her pending motions for default and default judgment are moot and will be denied as such.

If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes the original complaint. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Accordingly, once Plaintiff files an amended complaint, the original no longer

serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

On the Court's own motion,

**IT IS ORDERED** that Plaintiff's Complaint, docket # 1, is hereby **DISMISSED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff is granted thirty days (30) from the date of service of this order to file an Amended Complaint. Failure to timely file an amended complaint in accordance with this Order will result in dismissal of this matter pursuant to Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default, docket # 13, and for Default Judgment, docket # 14, are **DENIED** as moot.

Dated this 25th day of August, 2009.

Lawrence O. Anderson
United States Magistrate Judge